UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARL HURVICH,

Plaintiff,

v.

U.S. CITIZEN AND IMMIGRATION SERVICES,

Defendant.

Case No. 26-14711

**Complaint for Declaratory and Injunctive Relief Under the Freedom of Information Act**

## INTRODUCTION

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and seeks declaratory and injunctive relief to remedy Defendant's—U.S. Citizen and Immigration Services ("USCIS")—failure to comply with FOIA's production requirements.
2. Defendant has failed to disclose a petition within its possession. Carl Hurvich, Esq. ("Plaintiff"), seeks disclosure of an immigration petition—Form I-130, Petition for Alien Relative—previously approved by USCIS on behalf of Plaintiff's client, Ms. Sanjana Sharma. Plaintiff filed multiple FOIA requests under both his client's name and the client's father, Charanjiv Chawla. In response to these requests, Defendant improperly withheld this document when it did not produce the record.
3. This request is urgent as Ms. Sanjana wishes to apply for the humanitarian reinstatement of her I-130 application following the death of her father, and she cannot move forward without proof of the petition being approved.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.
5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendant is a federal agency; Plaintiff resides in this District; and there is no real property involved in this action.
6. Because Defendant failed to comply with the applicable statutory time limitations in responding to Plaintiff's FOIA appeal, Plaintiff is deemed to have exhausted his administrative remedies. 5 U.S.C. 552(a)(6)(C)(i).

**PARTIES**

7. Plaintiff, Mr. Hurvich, is a U.S. citizen who works in Medford, Massachusetts. Mr. Hurvich filed multiple FOIA requests and a FOIA appeal with USCIS.
8. Defendant, U.S. Immigration and Citizenship Services, is a component of the U.S. Department of Homeland Security and is an agency within the meaning of 5. U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for adjudicating immigrant and non-immigrant applications and petitions of noncitizens. USCIS has a field office in Massachusetts, where the basis for the FOIA request at issue occurred.

**LEGAL BACKGROUND**

9. FOIA requires each agency, upon a request for records: (a) to conduct a search reasonably calculated to uncover all responsive documents, (b) to make the records available in the form or format requested if they are readily reproducible in that format, and (c) to promptly make available responsive records. 5 U.S.C. § 552(a)(3)(A)-(C). The agency must make a good faith effort to search for the records, and they must use methods that can be

"reasonably expected" to produce the information requested. *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

10. FOIA requires agencies to produce all responsive records. An agency may only withhold documents under FOIA if (1) the documents fall under an exemption *and* (2) the exempted information contained therein is otherwise not reasonably segregable from the document. 5 U.S.C. § 552(a)(8)(A).

11. If a petitioner does not agree with an agency's disclosure determinations, the petitioner has the right to appeal the agency' determination. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). When an appeal is filed, an agency must make a determination with respect to the appeal within twenty days after receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). In unusual circumstances, the agency may provide written notice to the requestor to extend the determination period for no more than ten days. 5 U.S.C. § 552(a)(6)(B)(i).

12. If the petitioner finds that the agency has improperly withheld records, the petitioner may seek relief in the district court to enjoin the agency from continuing to improperly withhold the records. 5 U.S.C. § 552(a)(4)(B).

13. If an agency fails to comply with the time periods set forth in the statute, the requestor is "deemed to have exhausted [their] administrative remedies" and may seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL ALLEGATIONS

14. Upon information and belief, Charanjiv Chawla, the father of Ms. Sharma, filed an I-130, Petition for Alien Relative, on behalf of Ms. Sharma ("I-130 Petition"). The I-130 Petition received a Receipt Number—EAC0726152980—and a Case Number—BMB2019664020.

15. Upon information and belief, the I-130 Petition was approved, but Mr. Chawla passed away before Ms. Sharma could adjust her status.

16. Plaintiff needs a copy of the immigration visa petition so that he may assist Ms. Sharma in pursuing the humanitarian reinstatement of her approved I-130 Petition.

17. In order to locate the I-130 Petition, Plaintiff submitted FOIA requests for both Sanjana Sharma and Charanjiv Chawla that specifically described and requested the I-130 Petition.

***Mr. Hurvich's USCIS FOIA Request for Sanjana Sharma***

18. On September 15, 2025, Mr. Hurvich submitted a FOIA request for his client, Sanjana Sharma, via his account within the USCIS online portal. The request was issued Control Number NRC2025428274. *See* Exhibit A.

19. On September 17, 2025, Defendant answered Plaintiff's FOIA request and indicated that they did not have any records responsive to Plaintiff's request. *See* Exhibit A.

20. Thereafter, on September 25, 2025, Plaintiff filed a FOIA appeal. The appeal was issued Control Number APP2026006045. *See* Exhibit B.

21. Then, on July 7, 2026, Defendant responded to the appeal and affirmed the decision of the initial request. Defendant indicated that Plaintiff could seek judicial review of the appeal under 5 U.S.C. § 552(a)(4)(B) if Plaintiff was dissatisfied with the appeal decision. *See* Exhibit B.

***Mr. Hurvich's USCIS FOIA Requests for Charanjiv Chawla***

22. On January 29, 2026, Plaintiff submitted a FOIA request for his client's deceased father, Charanjiv Chawla, via his account within the USCIS online portal. The request was issued Control Number NRC2026041261. *See* Exhibit C.

23. On January 31, 2026, Defendant rejected the FOIA request for failure to provide complete verification of identity information. *See* Exhibit C.

24. Then, on April 9, 2026, Plaintiff submitted a new FOIA request for his client's deceased father via the USCIS online portal. The request was issued Control Number NRC2026144558. *See* Exhibit D.

25. On April 30, 2026, Defendant responded to the second FOIA request and found that 101 records were responsive to the request. Of those records, Defendant produced twenty pages in their entirety and nineteen pages in part; sixty-two pages were withheld in full. *See* Exhibit D.

26. The I-130 application for Ms. Sharma was not included in the disclosure packet. The document was either withheld in full or heavily redacted to the point that it is not identifiable within the disclosure packet.

27. Since the I-130 was not included, Plaintiff filed a FOIA appeal on May 27, 2026. The appeal was issued Control Number APP2026015877REQ. *See* Exhibit E.

28. As of October 16, 2026, Defendant has not made a determination regarding Plaintiff's FOIA appeal. The online portal only indicates the request was received and estimates a completion date of May 10, 2027. *See* Exhibit E.

29. Mr. Hurvich has not received any other response or acknowledgement regarding his FOIA appeal.

30. As of the date of this complaint, the statutory time period for a response to Plaintiff's FOIA appeal has expired, and USCIS has failed to notify Mr. Hurvich of any determination regarding the FOIA appeal.

## CAUSES OF ACTION

## COUNT ONE

***Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)***

***Failure to Conduct a Reasonable Search***

31. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.
32. An agency is required to conduct a search reasonably calculated to uncover all responsive records within its possession or control at the time of the request. 5 U.S.C. § 552(a)(3)(C); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989).
33. Plaintiff submitted a FOIA request that provided both the Receipt Number and Case Number for Ms. Sharma's I-130 Petition.
34. Upon information and belief, Defendant has failed to conduct a reasonable search for the I-130 petition. Mr. Hurvich has a legal right to obtain such records, and no legal basis exists for USCIS' failure to reasonably search for them.
35. Defendant's failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## COUNT TWO

***Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)***

***Improper Withholding of Agency Records***

36. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.
37. FOIA authorizes courts to enjoin an agency from withholding agency records and to order the production of improperly withheld records. 5 U.S.C. § 552(a)(4)(B).

38. An agency "withholds" records when it fails to produce agency records within its possession or control at the time of the request. *Tax Analysts*, 492 U.S. at 150.

39. To the extent Defendant located the responsive I-130 document and failed to produce it, such failure constitutes improper withholding under 5 U.S.C. § 552(a)(3)(A).

40. Mr. Hurvich has a legal right to obtain such records, and no legal basis exists for USCIS' failure to disclose them.

41. Accordingly, Defendant is unlawfully withholding agency records in violation of 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## **COUNT THREE**

***Violation of 5 U.S.C. § 552(a)(8)(ii)(II), (b)***

***Failure to Release Reasonably Segregable Information***

42. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

43. FOIA requires agencies to release any reasonably segregable portion of a record after exempted portions are deleted. 5 U.S.C. § 552(a)(8)(ii)(II), (b).

44. The agency bears the burden of demonstrating that no reasonably segregable non-exempt information can be released. *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

45. Basic case data such as an I-130 receipt number, filing date, priority date, and adjudication status constitutes segregable information.

46. Mr. Hurvich has a legal right to obtain such records, and no legal basis exists for USCIS' failure to disclose them.

47. To the extent Defendant failed to release reasonably segregable information, such failure is improper under 5 U.S.C. § 552(a)(8)(ii)(II), (b), as well as the regulations promulgated thereunder.

## COUNT FOUR

***Violation of FOIA, 5 U.S.C. § 552 et seq.***

***Failure to Timely Respond***

48. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.
49. USCIS is obligated under 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i) to promptly make a determination about Plaintiff's FOIA appeal within twenty business days of receipt, or, within thirty business days of receipt if the agency invokes unusual circumstances through written notice, which it has not done here.
50. USCIS has not made a determination on Mr. Hurvich's FOIA appeal within the statutory time period. According to USCIS's online FOIA portal, Mr. Hurvich appealed his second FOIA request for Mr. Chawla on May 27, 2026. USCIS was required to respond to the FOIA appeal within twenty business days, which was on or about June 25, 2026.
51. As of the date of this complaint, Defendant has not made a determination on the FOIA appeal regarding Mr. Chawla.
52. Mr. Hurvich has a legal right to receive a determination on his appeal, and no legal basis exists for USCIS's failure to respond.
53. USCIS's failure to respond violates, at minimum, 5 U.S.C. § 552(a)(6)(A)(ii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this action;

(2) Declare that Defendant's failure to conduct a reasonable search for records responsive to Plaintiff's FOIA requests violates FOIA and the regulations promulgated thereunder;

(3) Declare that Defendant's failure to make a determination on Mr. Hurvich's FOIA appeal for Mr. Chawla within the statutory time frame violates FOIA and the regulations promulgated thereunder;

(4) Declare that Defendant's failure to promptly produce records responsive to Plaintiff's FOIA request violates FOIA and the regulations promulgated thereunder;

(5) Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding records;

(6) Award costs and reasonable attorney fees incurred under 5 U.S.C. § 552(a)(4)(E), and any other applicable law; and

(7) Grant such further relief as the Court deems just and proper.

*Respectfully submitted,*

*Plaintiff,*
CARL HURVICH

*By his attorney,*
/s/ Olivia Belanger /s/
Olivia Belanger
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
(617) 245-8090
olivia@brookslawfirm.com
BBO number 710738

Dated: October 16, 2026